UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Levern Starr,                                    ) C/A No. 5:13-1244-RBH-KDW
                                                 )
                              Plaintiff,          )
                                                 )
vs.                                              )                    ORDER
                                                 )
Lt. Lamanda Smith;                               )
Ofc. Johnny Vereen, and                          )
Ofc. McGyver,                                    )
                                                 )
                              Defendants.         )
_____        )

      This is a civil action filed by a local prisoner. Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to district court). Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. By Order dated May 16, 2013, Plaintiff was given a specific time frame in which to bring this case into proper form. ECF No. 7. Plaintiff has complied with the court's Order, and this case is now in proper form.

## PAYMENT OF THE FILING FEE:

      By filing this case, Plaintiff has incurred a debt to the United States of America in the amount of $350. *See* 28 U.S.C. § 1914. This debt is not dischargeable in the event Plaintiff seeks relief under the bankruptcy provisions of the United States Code. *See* 11 U.S.C. § 523(a)(17). A prisoner is permitted to file a civil action without prepayment of fees or security therefor under 28 U.S.C. § 1915. Plaintiff has submitted an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240) to this court pursuant to 28 U.S.C. § 1915(a)(1), which is construed as a Motion for Leave to Proceed *in forma pauperis*. A review of the Motion reveals that Plaintiff does not have the funds to prepay the filing fee.

      Plaintiff's Motion for Leave to Proceed *in forma pauperis* is **granted**. ECF No. 11.

## MOTION TO APPOINT COUNSEL

      Plaintiff filed a Motion for Appointment of Counsel, ECF No. 14, in which he seeks appointed counsel. There is no right to appointed counsel in § 1983 cases. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff in his Motion has not shown that any

exceptional circumstances exist in this case. Rather, he simply states that he is a pro se prisoner with limited legal knowledge and access to legal resources and that his case involves complex legal issues. ECF No. 14.

This is a typical complaint by prisoners seeking to pursue civil cases pro se in federal court, and after a review of the file, this court has determined that there are no exceptional or unusual circumstances presented which would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his or her case. Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915 (e)(1) is denied.

**TO THE CLERK OF COURT**:

The Clerk of Court is directed to make the proposed document currently at ECF No. 9 an attachment to the Complaint, ECF No. 1.

This case is subject to summary dismissal based on an initial screening conducted pursuant to 28 U.S.C. §1915 and/or 28 U.S.C. § 1915A. Therefore, the Clerk of Court shall _**not**_ issue the summonses or forward this matter to the United States Marshal for service of process at this time.

IT IS SO ORDERED.

June 25, 2013                                Kaymani D. West
Florence, South Carolina                    United States Magistrate Judge

2