UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Levern Starr, | ) | C/A No. 5:13-1244-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Lt. Lamanda Smith; | ) | |
| Ofc. Johnny Vereen, and | ) | |
| Ofc. McGyver, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil action filed pro se by a local detention center inmate.  Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court.  *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## **BACKGROUND**

Levern Starr (" Plaintiff"), a detainee housed at Florence County Detention Center ("FCDC"),  brings a Complaint against Officer Johnny Vereen, Lt. Lamanda Smith, and Officer McGyver. Compl., ECF No. 1; *see also* Am. Compl., ECF No.1-3. Plaintiff alleges that on April 16, 2013, FCDC personnel served him tainted food–a pizza roll that contained glass. Plaintiff avers Officer Vereen gave him a bag lunch that contained the tainted pizza roll and that he gave the glass from the pizza roll first to Officer McGyver and then to Lt. Smith. ECF No. 1 at 1, ECF No. 1-1 at 2. Plaintiff submits that, although he brought the glass to Defendants' attention, they did not take it seriously. ECF No. 1 at 1-2.  Plaintiff states that, when he told Defendants about the glass, they

first took him to the maximum, "lock-up" unit and then took him to "medical," where someone looked in his mouth. *Id.* at 2. Plaintiff seems to indicate they then returned him to A Pod. *Id.* Plaintiff does not claim he suffered any injury. Rather, he asserts that he is now afraid for his life because he does not believe Defendants take him seriously and they continue to bring him pizza rolls. *Id.* at 2; ECF No. 1-1 at 2. Plaintiff seeks eight million dollars ($ 8,000,000.00) in compensatory damages for the fear and mental distress he alleges he is experiencing because of the glass that in the pizza roll given him on April 16, 2013. *Id.*

## **INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case.  This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003).  Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently

cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Although prisoners retain many constitutional rights, it is recognized that incarceration inherently limits certain constitutional rights of prisoners. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). Although "prisoners do not shed all constitutional rights at the prison gate, . . . lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (citations omitted). The United States Supreme Court has cautioned the federal courts that they "ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment." *Id.* at 482. However, the United States Supreme Court also recognizes that prison officials have a duty under the Eighth Amendment (or the Fourteenth Amendment in the case of pre-trial detainees)[1] to provide humane conditions of confinement: they must ensure adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In order to state a viable conditions-of-confinement claim an inmate must show that: (1) the conditions were objectively serious enough to pose a substantial risk of serious harm; and (2) that the prison

_____

[1] While the Due Process Clause of the Fourteenth Amendment guarantees pre-trial detainees – such as Plaintiff—humane conditions of confinement, "the Eighth Amendment standard provides the benchmark for such claims." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998); *see also Chisolm v. Cannon*, No. C.A. 4:02-3473-RBH, 2006 WL 361375 (D.S.C. Feb. 15, 2006). For this reason, the standards discussed in *Farmer v. Brennan* are equally applicable in Plaintiff's case even though he is a pre-trial detainee and not a convicted prisoner.

official's state of mind was one of "deliberate indifference." *Farmer*, 511 U.S. at 834. These elements have also been described as the "objective component" and the "subjective component." *See Wilson v. Seiter*, 501 U.S. 294, 297-305 (1991). The objective component examines the gravity of the alleged deprivation. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). The subjective component is the state of mind of the prison officials alleged to have violated a plaintiff's rights.

Decisions of the United States Court of Appeals for the Fourth Circuit provide more detailed guidelines for the analysis of Plaintiff's claims. The objective conditions complained of in a conditions-of-confinement claim must rise to the level of a deprivation of a basic human need such as food, warmth, or exercise. *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991) (quoting *Wilson*, 501 U.S. at 304-05). In *Strickler v. Waters*, 989 F.2d 1375, 1380-81 (4th Cir. 1993), the court found an inmate complaining about prison conditions must show that the challenged conditions resulted in a serious deprivation of a basic human need that, in turn, resulted in serious or significant harm. The Prison Litigation Reform Act ("PLRA") of 1996 placed an important limitation upon all civil actions for compensatory damages arising from prison conditions, requiring proof of "physical injury" arising from the allegedly unconstitutional condition. Under 42 U.S.C. § 1997e(e) no recovery of compensatory damages is allowed for emotional stress:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

*See Mitchell v. Horn*, 318 F.3d 523, 535 (3d Cir. 2003) (§ 1997e's "injury" provision requires more than *de minimus* injury); *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (same); *Brown v. Mungo*, C/A No. 8:13-394-JMC-JDA, 2013 WL 1768662, at *3 (D.S.C. Mar. 29, 2013), adopted in 2013 WL 1767610 (Apr. 24, 2013) (same).

4

Keeping the above principles in mind, Plaintiff's allegations about the conditions of confinement, specifically regarding the food service at FCDC on April 16, 2013, fail to state a plausible Eighth/Fourteenth Amendment claim for compensatory damages upon which this court can grant relief.

Plaintiff specifically refers to only a few matters: that he was served a pizza roll to eat, but he found a piece of glass in it; that he was taken to the lock-down area when he complained about the glass, though he was allowed to visit the medical staff later; and that he was served pizza rolls again at some undisclosed time. None of Plaintiff's allegations show that he was subjected to any type of serious or substantial physical harm from the food-service conditions that he contends violated his constitutional rights. For example, with respect to the allegations about the glass in the pizza roll, Plaintiff does not allege that he bit into the glass and physically injured himself. Further, he does not provide a description of the glass, nor does he indicate what happened when he visited the medical area at FCDC after encountering the glass. Additionally, although Plaintiff alleges that fears for his life because the kitchen at FCDC continues to serve pizza rolls, he does not allege that he or any other prisoner has found any more glass in any of the pizza rolls served since the date of his April 16, 2013 allegation. Morever, Plaintiff does not allege that finding glass in food at FCDC is a common or routine problem or that he ever experienced such a problem either before or after the incident. Plaintiff only states that he is "so mad" about the pizza incident and indicates that he feared that he "could have been dieing [sic] . . . ." Compl. 2, ECF No. 1; Am. Compl. 3, ECF No. 1-3. Other than these minimal allegations about his fear for his life and anger resulting from his one-time finding of some amount of glass in his pizza roll, Plaintiff does not provide any supporting facts showing the nature and extent of the alleged negative effects. Plaintiff's minimal allegations are

insufficient to show the requisite physical injury for any viable Eighth Amendment compensatory damages claim.

Because Plaintiff's allegations fail to satisfy the objective component of a plausible Eighth or Fourteenth Amendment claim, the court need not consider whether Defendants' alleged refusal to get Plaintiff different food and their placing him in the lock-down area before taking him to see the medical staff after he reported having found the glass would satisfy the subjective component of such a claim had different circumstances (such as a physical injury and/or more than one incident of possible food contamination) been alleged.  *Chandler v. Crosby*, 379 F.3d 1278, 1297 (11th Cir. 2004).  Plaintiff's Complaint, liberally construed, seeks only compensatory damages from Defendants. Accordingly, the lack of any allegations of previous problems with food services placing Defendants "on notice" of problematic conditions, combined with the lack of any serious and substantial physical injury to Plaintiff from the glass he once found in his food requires summary dismissal of this case for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## **RECOMMENDATION**

Accordingly, it is recommended that the district court dismiss Plaintiff's Complaint, as amended, in this case *without prejudice.  See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

June 25, 2013                                    Kaymani D. West
Florence, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).